## STORY VS. MENZIES.

PAYMENT.— A verbal agreement between the vendor and purchaser of real estate, that the latter shall pay the balance due the former therefor by paying the same to a creditor of the vendor, and the money is paid accordingly, with the assent of the parties, it is a valid payment to the use of the vendor of the balance due on the contract.

(4 Chand., 61.)

APPEAL from the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.
*Smith, Parker & Tallman*, for appellant.
*David Noggle*, for appellee.

HOWE, J. The appellant filed his bill of complaint in the circuit court for Rock county, praying for the specific performance of an agreement to convey certain lands, which agreement was made as stated by the bill, in consideration of the sum of fifty-two dollars paid upon the delivery of the agreement, and of a covenant to pay the further sum of fifty dollars in two years from its date, with annual interest at the rate of twelve per cent.

The bill avers the payment of the first year's interest in due season, and states the following facts in reference to the pay-

ment of the balance, viz.: "That on or about the 25th day of December, A. D. 1848," (the agreement having been made January 1, 1847,) "the said *John Menzies* being indebted to one James W. Page, in a sum of money exceeding fifty-six dollars, it was agreed between them, the said *Menzies*, Page and the said plaintiff, that the said Page should allow and credit to the said *Menzies*, on account of the money so due from said *Menzies* to said Page, the sum of fifty-six dollars, being the balance unpaid by said plaintiff and about to become due to the said *John Menzies*, according to the terms and conditions of said agreement in writing; and said plaintiff thereupon made his promissory note for said sum, payable to the aforesaid James W. Page, and delivered the same to him, which note the said plaintiff has since paid to the said Page; whereupon the said *Menzies* acknowledged full satisfaction of the sum secured to be paid by said agreement," etc.   To this bill the defendant demurred, assigning for cause that the agreement between *Story*, Page and *Menzies* was void under the statute of frauds. The circuit court sustained the demurrer, and the plaintiff appealed to this court.

It is the judgment of a majority of this court that the decree of the court below was erroneous, and must be reversed.

I do not readily find terms by which to vindicate the sufficiency of the complainant's bill, for I am not gifted in the use of those syllogisms by which a certain class of logicians were accustomed triumphantly to demonstrate that a horse was a quadruped.   But if we admit that Page's agreement to credit *Menzies* with fifty-six dollars was a promise to answer for the debt of another, was by parol, and was void as an executory agreement, yet we find that the three were parties to that agreement; that in consequence of it *Story* paid to Page the fifty-six dollars, and so created a credit with Page in favor of *Menzies*.

It seems to me that the receipt of the money by Page, in pursuance of that agreement, was crediting *Menzies* as much as if he had entered it upon all his journals and indorsed it upon

all his promissory notes. Moreover, it is stated that in consequence of that payment to Page, *Menzies* acknowledged satisfaction of the debt due from *Story*. Now when *Menzies* had obtained his credit with Page, and had receipted the debt due from *Story* in consequence of it, and when *Story* had paid the money which was the consideration both for the credit and for the receipt, it seems to me the triple agreement was executed. No single thing remained to be done in pursuance of that agreement. The most formal recitation of its terms would have been but the recitation of what had been already done.

When the bill was filed, that agreement no longer existed in promise, but was reduced to history. Page's liability to *Menzies* no longer resulted from his promise to pay *Story's* debt, but it resulted from his having received *Menzies'* money at his request from *Story*. *Story's* debt was extinguished, and Page's was in the same position, as if at *Menzies'* instance and request he had taken so much money from any other debtor of *Menzies* to transmit to him.

The decree of the circuit court is reversed, and the cause is remanded to Rock county.